

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

_Michelle V. Larson_

**Signed December 12, 2025**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CORE F&B PFV, LLC | § | CASE NO. 25-32655-11 |
| | § | (Subchapter V Chapter 11) |
| DEBTOR | § | |

**ORDER CONFIRMING CORE F&B PFV, LLC'S
FIRST AMENDED PLAN OF REORGANIZATION**

The Court has considered Core F&B PFV, LLC's *First Amended Plan of Reorganization under Subchapter V of Chapter 11 (*"Plan")[1] [Docket No. 50] filed by Core F&B PFV, LLC (the "Debtor"). Based on the testimony and proffered evidence presented, the arguments of counsel, and the findings of fact and conclusions of law contained herein, the Court has determined that the Plan should be confirmed under section 1191(b) of the Bankruptcy Code.

IT IS HEREBY FOUND AND DETERMINED THAT:

---

[1] Capitalized terms shall have the meanings ascribed in the Plan unless otherwise defined herein.

1

A. *Findings and Conclusions*. The finding and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. *Jurisdiction; Venue; Core Proceeding*. The Court has jurisdiction over the Debtor's Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor is an eligible Subchapter V debtor under section 1182(1)(A) of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which the Court has jurisdiction and constitutional authority to enter final orders with respect thereto. The Debtor is the sole proponent of the Plan in accordance with section 1189(a) of the Bankruptcy Code.[2]

C. *Background of the Bankruptcy Case*. The Debtor commenced this Bankruptcy Case on July 16, 2025 (the "Petition Date"). Since the Petition Date, the Debtor has continued to operate and to manage its business as a "debtor-in-possession" pursuant to section 1184 of the Bankruptcy Code. The Debtor retained Quilling, Selander, Lowds, Winslett & Moser, P.C. as its bankruptcy counsel. Behrooz Vida was appointed to serve as the Subchapter V Trustee.

D. *Judicial Notice and Non-Material Modifications*. The Court takes judicial notice of the docket of this Bankruptcy Case maintained by the Clerk of the Court, including, without limitation, all pleadings, stipulations and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court

---

[2] Unless otherwise noted, all references to a "section" shall mean a section of the Bankruptcy Code, and all references to a "rule" shall mean the Bankruptcy Rules.

2

during the pendency of this Bankruptcy Case. The Court also takes judicial notice of the modifications made to the Plan after the solicitation but before confirmation. Such modifications are non-material and pursuant to Bankruptcy Rule 3019(a), shall be considered part of the Plan.

E. *Burden of Proof*. The Debtor has the burden of proving the elements of section 1191(b) of the Bankruptcy Code by a preponderance of the evidence. The Court finds that the Debtor has met each element of such burden.

F. *Transmittal and Mailing of Solicitation Materials and Notices*. The solicitation of materials and notices prescribed in the *Order Setting Plan Related Deadlines and Hearing on Confirmation [Small Business Debtor-Subchapter V]* [Doc. No. 38] (collectively the "Solicitation Order") were served in compliance therewith, and such service was adequate and sufficient. The Debtor has given adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Solicitation Order and any further order entered by this Court in compliance with the Bankruptcy Rules and all applicable orders of this Court. No other or further notice is or shall be required.

G. *Adequacy of Solicitation Procedures*. All procedures used to distribute the solicitation materials to the appropriate creditors entitled to vote on the Plan and to tabulate the Ballots returned by Claimants were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith and otherwise in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3018, and N.D. Tex. L.B.R. 3018-1.

H. *Good Faith Solicitation – 11 U.S.C. § 1125(e)*. Based on the record before the Court in the Bankruptcy Case, the Debtor and its professionals have acted in good faith within

the meaning of sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

I.      *Ballot Tabulation.* The Voting Deadline for casting Ballots to accept or reject the Plan has passed, and the Voting Agent for the balloting permitted for all Classes entitled to vote in connection with the Plan, has filed herein the *Ballot Summary* [Docket No. 51] (the "Ballot Tabulation").

J.      *Impaired Classes Voting to Accept or Reject the Plan*. The Court finds that Classes 3 and 4 are impaired under the Plan, and Class 4 voted to accept the Plan. Thus, at least one impaired class of Claims has voted to accept the Plan. Classes 1 and 2 are not impaired.

K.      *Releases, Exculpations and Injunctions*. The Court hereby finds that any of the release, exculpation and injunction provisions including without limitation those set forth in Article XIII of the Plan is: (i) within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), (b) & (d); (ii) an essential means of implementing the Plan pursuant to section 1123(a)(5); (iii) an integral element to the confirmation of the Plan; (iv) in the best interests of and confers material benefits upon, the Debtor, its Estate, and its Creditors; (v) important to the overall objectives of the Plan to finally resolve certain claims among or against the key parties in interest in this Bankruptcy Case; and (vi) consistent with sections 105, 1123 and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and other applicable provisions of the Bankruptcy Code and applicable law.   The record of the Confirmation Hearing and the Bankruptcy Case is sufficient to support the release, exculpation, and injunction provisions contained in the Plan. The

Court finds that the compromises, releases, exculpations and injunctions in the Plan, including without limitation those set forth in Article XIII, are not prohibited by applicable statutory or case law.

L. *Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)*. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i) *Proper Classification – 11 U.S.C. §§ 1122, 1123(a)(1)*. Aside from Administrative Claims, which need not be classified, the Plan designates four (4) Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii) *Specify Unimpaired Classes – 11 U.S.C. § 1123(a)(2)*. Section 3.3 of the Plan specifies Classes that are impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii) *Specify Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)*. Article V of the Plan specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv) *No Discrimination – 11 U.S.C. § 1123(a)(4)*. The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim

or Interest has agreed to a less favorable treatment of such Claimor Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v) *Implementation of Plan – 11 U.S.C. § 1123(a)(5)*. The Plan will be implemented as provided in Article VII of the Plan. Specifically, the Plan shall be funded by the operation of the Debtor's business. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

(vi) *Governmental Regulatory Commission – 11 U.S.C. § 1123(a)(6)*. There are no rates charged by the Debtor that any governmental regulatory commission has jurisdiction over. Therefore section 1123(a)(6) does not apply.

(vii) *Selection of Officers and Directors – 11 U.S.C. § 1123(a)(7), § 1129(a)(5)*. The implementation of the Plan and management of the Debtor shall continue to be by Mark Maguire, as the President of the Debtor, and his appointment is consistent with the interests of creditors and interest holders and with public policy. Accordingly, the Plan satisfies the requirements of sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code.

M. *Compliance with Fed. R. Bankr. P. 3018*. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote or provisionally allowed to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with sections 1125 and 1126, thereby satisfying the requirementsof Bankruptcy Rule 3018. Further, the Debtor filed the Ballot Tabulation prior to the Confirmation Hearing, thereby satisfying N.D. Tex. L.B.R. 3018-1.

N. *Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2)*. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2).

O. *Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)*. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation and solicitation of the Plan, including without limitation the following. The Bankruptcy Case was commenced as a voluntary chapter 11 case. The Debtor continued to operate its business and manage its Estate throughout this Bankruptcy Case. Under the totality of circumstances of this Case, the Court has no doubt that the Plan was formulated and proposed in good faith with legitimate and honest purposes of maximizing a recovery for Creditors. The Court finds that the Debtor and its Professionals fully considered alternatives to the Plan, including, without limitation, a liquidation through chapter 7 or litigation in the absence of a sale of assets and settlements with insiders and affiliates. The Debtor's rejection of such alternative courses of action due to their impracticality and unreasonableness was a proper use of the Debtor's business judgment under the circumstances presented.

P. *Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)*. All payments made by the Debtor under the Plan, for services or for costs and expenses incurred prior to the Confirmation Hearing in or in connection with the Bankruptcy Case or in connection with the Plan and incident to the Bankruptcy Case have either been approved by this Court's orders or remain subject to final approval of the Court pursuant to Section 4.1 of the Plan, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.     *No Rate Changes – 11 U.S.C. § 1129(a)(6)*. There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtor and no rate change provided for in the Plan requiring approval of any such commission. Therefore, section 1129(a)(6) of the Bankruptcy Code is not applicable.

R.     *Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)*. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis contained in the Plan and the exhibits and evidence proffered or adduced at the Confirmation Hearing: (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each holder of an impaired Claim or Interest has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

S.     *Deemed Acceptance or Rejection by Certain Classes – 11 U.S.C. § 1129(a)(8)*. Class 4 has voted to accept the Plan and Classes 1 and 2 are unimpaired under the Plan and, thus, are deemed to accept the Plan under section 1126(f) of the Bankruptcy Code. Class 3 did not register a vote and did not accept the Plan.  *11 U.S.C. § 1129(a)(8)* is not satisfied.

T.     *Treatment of Administrative, Priority, and Tax Claims – U.S.C. § 1129(a)(9)*. The treatment of Administrative Claims, and Priority Tax Claims pursuant to Article IV of the Plan satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

U.     *Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10)*. At least one impaired class has voted to accept the Plan without including any acceptance of the Plan by an insider. Accordingly, the Court finds that the Debtor has satisfied the requirements of section 1129(a)(10) of the Bankruptcy Code.

V.      *Feasibility – 11 U.S.C. § 1129(a)(11)*. Evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to feasibility are persuasive and credible, and establish that confirmation of the Plan, is not likely to be followed by an additional chapter 7 filing, a motion to convert, or the need for further financial reorganization of the Debtor not provided by the Plan. Accordingly, the Court finds that the Debtor has satisfied the requirements of section 1129(a)(11) of the Bankruptcy Code.

W.      *Payment of Fees – 11 U.S.C. § 1129(a)(12)*. The Plan provides that the Debtor shall pay all Subchapter V Trustee's Fees. Therefore, the Plan complies with section 1129(a)(12).

X.      *Continuation of Retiree Benefits – 11 U.S.C. § 1129(a)(13)*. The Debtor does not have any retiree benefits within the meaning of section 1114 of the Bankruptcy Code. Thus, the requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable.

Y.      *Domestic Support Obligations – 11 U.S.C. § 1129(a)(14)*. The Debtor is not required by judicial or administrative order, or by statute, to pay a domestic support obligation. Thus, the requirements of section 1129(a)(14) of the Bankruptcy Code are not applicable.

Z.      *Debtor is Not an Individual – 11 U.S.C. § 1129(a)(15)*. The Debtor is a Limited Liability Company under the law of the State of Texas. As the Debtor is not an individual,the provisions of section 1129(a)(15) of the Bankruptcy Code are not applicable.

AA.    *Only One Plan – 11 U.S.C. § 1129(c)*.  Section 1129(c) is inapplicable to Subchapter V bankruptcy cases.

BB.    *Principal Purpose – 11 U.S.C. § 1129(d)*. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no

governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

CC. *Retention of Jurisdiction*. The Court properly may retain jurisdiction over the matters set forth in Article XIV of the Plan.

DD. *Reservation of Causes of Action*. The Plan, including Section 9.1 thereof, contain specific and unequivocal reservations of the Estate's Claims and Causes of Action, as required under applicable Fifth Circuit authority including, without limitation, *In re MPF Holdings US LLC,* 701 F.3d 449 (5th Cir. 2012), *In re Texas Wyoming Drilling, Inc.,* 647 F.3d 547 (5th Cir. 2011) and *In re United Operating, L.L.C.,* 540 F.3d 351 (5th Cir. 2008). Such reservations are in the best interest of Creditors, in order to maximize the value of the Estate.

EE. *Implementation of the Plan*. All documents necessary to implement the Plan have been filed with the Bankruptcy Court and are available for review and objection by Creditors and other interested parties. Such documents have been negotiated and prepared in good faith and shall, upon execution and subject to the Effective Date, be valid, binding, and enforceable on all parties in interest. Such agreements are not in conflict with federal or state law.

FF. The Debtor has satisfied all applicable provisions of Section 1191(a) for confirmation of a plan with the exception of 11 U.S.C. § 1129(a)(8).

GG. The Plan does not discriminate unfairly, and is fair and equitable with respect to Class 3 because the secured claimant will retain its liens in its collateral that will be retained by the Debtor and the claimant in Class 3 will be paid in excess of the value of its collateral in deferred payments with interest. The Plan has satisfied the applicable provisions of 11 U.S.C. § 1191(b).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>. The above-referenced findings of fact and conclusions of law are incorporated by reference as though fully set forth herein.

2.    <u>Objections</u>. All objections to confirmation not withdrawn or otherwise resolved are hereby expressly overruled.

3.    <u>Confirmation of Plan</u>. The Plan is **CONFIRMED** in accordance with section 1191(a) of the Bankruptcy Code, and all terms and conditions set forth in the Plan as modified at the Confirmation Hearing are **APPROVED**.

4.    <u>Plan Implementation Authorization</u>. The Debtor is authorized and directed to take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan, the terms of this Confirmation Order, and the transactions respectively contemplated therein, or otherwise perform its respective duties under the Plan and this Confirmation Order.

5.    <u>Binding Effect</u>. Except with respect to any Claims excepted from discharge under 11 U.S.C. § 1192, the terms, covenants and consideration under the Plan shall be in exchange for, and in complete satisfaction, discharge, and release of, all Claims of any nature whatsoever against the Debtor, its Estate, and the Assets. Except as otherwise expressly provided herein, upon the Effective Date or upon the granting of a discharge by the Bankruptcy Court pursuant to section 1192 (the "Order of Discharge"), the Debtor, and its successors in interest and assigns, shall be deemed discharged and released pursuant to section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt it Allowed under section 502 of the Bankruptcy Code; (c) the holder of a Claim based upon such debt has accepted the Plan; or (d) the Claim has been

Allowed, Disallowed, or estimated pursuant to section 502(c) of the Bankruptcy Code. The Confirmation Order and, if applicable, the Order of Discharge shall be judicial determinations of discharge of all liabilities of the Debtor, its successors in interest and assigns, other than those obligations specifically set forth pursuant to the Plan.

6. <u>Automatic Stay</u>. The automatic stay pursuant to section 362 of the Bankruptcy Code, except as previously modified by the Bankruptcy Court, shall remain in effect until the Effective Date of the Plan as to the Debtor and all Assets. Upon the Effective Date, the automatic stay shall be replaced by the injunction set forth in Section 13.3 of the Plan and corresponding provisions of this Confirmation Order.

7. <u>Claim Objections and Resolutions</u>. The Debtor has the power and authority to object to any Claim on behalf of the Debtor or its Estate. Without limiting the generality of the foregoing, the Debtor shall have the power to: (a) object to any Claim which may be asserted against the Debtor on any legal or equitable basis; (b) to seek equitable subordination of any Claim on any legal or equitable basis; (c) to assert any right of Setoff or recoupment, including without limitation, any such right pursuant to section 553 of the Bankruptcy Code; (d) to assert any and all Estate Defenses to any Claim, whether legal or equitable, including any affirmative defenses or any Setoff right; (e) to assert any counterclaim against any Claim, whether arising out of the same or different transactions, including any counterclaim based on a Setoff right; (f) to object to any Claims on the basis of section 502(d) ofthe Bankruptcy Code; and (g) decline to object to any Claims and make Distributions based on the face amount of the Claims asserted or scheduled. In pursuing Claim Objections, the Debtor and the responding Claimant shall follow the procedures for resolving disputes over Claims set forth in Article X of the Plan.

8. <u>Retention of Subsequent Causes of Action</u>. Except as is otherwise expressly provided in the Plan or this Confirmation Order, nothing in the Plan or this Confirmation Order shall preclude or estop the Debtor, from bringing a subsequent action in any court or adjudicative body of competent jurisdiction to enforce any or all of its rights in connection with the Retained Causes of Action.

9. <u>Distributions Under Plan</u>. Notwithstanding confirmation under section 1191(b), and in accordance with sections 7.2 and 8.2, all Distributions made under the Plan shall be made directly by the Debtor.

10. <u>Assumption of Executory Contracts and Leases</u>. Unless expressly assumed by the Schedule of Assumed Contracts, all Executory Contracts and Unexpired Leases are hereby rejected in accordance with Article XI of the Plan. Rejection Damage Claims must be filed as required by the Plan such that the Debtor may make Distributions to such Claimants. For the avoidance of doubt, the unexpired lease with PFV/Realty III, LP (the "Lease") is assumed by the Debtor. Any defaults with respect to the monthly cure payment will be considered to be Tenant Defaults under the Lease and the timetable and provisions concerning Tenant Defaults under the Lease shall govern with respect to the cure defaults as well as any other defaults under the Lease.

11. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, neither (a) the transfer of the Assets to the Debtor, (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest, (c) the making or assignment of any contract, lease or sublease, nor (d) the making or delivery of any deed or other instrumentof transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, any merger agreements, any agreements of consolidation, restructuring, disposition, liquidation,or dissolution, any deeds, any bills of sale, or any transfers of tangible or intangible property, shall be subject to

13

any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment. State and local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. For the avoidance of doubt, the exemption hereunder specifically applies, without limitation, to alldocuments necessary to evidence and implement the transfers and/or distributions set forth under the Plan, and all documents necessary to evidence and implement any of the transactions and actions described in the Plan.

12. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to theimplementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan and any documents, instruments or agreements, and any amendments or modifications thereto.

13. **<u>PERMANENT INJUNCTION</u>. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, AS OF THE EFFECTIVE DATE ALL HOLDERS OF CLAIMS AGAINST, OR INTERESTS IN, THE DEBTOR, THE ESTATE, OR ANY OF THE ASSETS THAT AROSE PRIOR TO THE EFFECTIVE DATE ARE HEREBY PERMANENTLY ENJOINED AND PROHIBITED FROM THE FOLLOWING: (i) THE COMMENCING OR CONTINUATION IN ANY MANNER, DIRECTLY OR INDIRECTLY, OF ANY ACTION, CASE, LAWSUIT OR OTHER PROCEEDING OF ANY TYPE OF NATURE AGAINST THE DEBTOR OR THE ESTATE, WITH RESPECT**

**TO ANY SUCH CLAIM OR INTEREST ARISING OR ACCRUING BEFORE THE EFFECTIVE DATE, INCLUDING WITHOUT LIMITATION THE ENTRY OR ENFORCEMENT OF ANY JUDGMENT, OR ANY OTHER ACT FOR THE COLLECTION, EITHER DIRECTLY OR INDIRECTLY, OF ANY CLAIM OR INTEREST AGAINST THE ESTATE OR THE DEBTOR; (ii) THE CREATION, PERFECTION OR ENFORCEMENT OF ANY LIEN, SECURITY INTEREST, ENCUMBRANCE, RIGHT OR BURDEN, EITHER DIRECTLY OR INDIRECTLY, AGAINST THE DEBTOR, OR (iii) TAKING ANY ACTION IN RELATION TO THE DEBTOR OR ITS ESTATE, EITHER DIRECTLY OR INDIRECTLY, WHICH VIOLATES OR DOES NOT CONFORM OR COMPLY WITH THE PROVISIONS OF THIS PLAN APPLICABLE TO SUCH CLAIM OR INTEREST.**

14.     <u>Professional Fee Claims; Return of Retainers</u>. All final requests for compensation or reimbursement of Professional Fee Claims pursuant to sections 327, 328, 330,331, 363, 503(b) or 1103 of the Bankruptcy Code shall be filed no later than the first Business Day that is at least sixty (60) days after the Effective Date ("<u>Fee Claims Bar Date</u>"). Any Person asserting a Fee Claim must also comply with all provisions of Section 4.1 of the Plan.

15.     <u>Other Administrative Claims</u>. No later than the first Business Day that is thirty (30) calendar days after the Effective Date (the "<u>Administrative Claims Bar Date</u>"), any party seeking allowance of an Administrative Claim (except Professional Fee Claims), shall file with the Bankruptcy Court a request for the allowance and payment of such Administrative Claim or be forever barred from doing so. The notice required under Paragraph 19 below shall set forth such date and constitute adequate notice of this Administrative Claims Bar Date. The Debtor shall have thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court)

following the Administrative Claims Bar Date to review and object to such Administrative Claims before a hearing for determination of allowance of such Administrative Claims.

16. <u>Filing and Recording</u>. This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments. Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recoding tax, stamp tax, transfer tax or similar tax imposed by state or local law.

17. <u>Confirmation Order as Controlling Documents</u>. In the event of an inconsistency between the Plan and this Confirmation Order, the terms of this Confirmation Order will control to the extent permitted by applicable law or authority.

18. <u>Conditions to Effective Date</u>. The Plan shall be effective upon satisfaction by the Debtor of the following conditions:

(a) The Confirmation Order shall have been entered in form and substance acceptable to the Debtor; and

(b) At least fourteen (14) days have passed since the entry of this Confirmation Order, or, if this Confirmation Order is stayed, at least fourteen (14) days have passed since the lifting, dissolution, or removal of such stay.

19. <u>Notice of Effective Date</u>. As soon as practicable after the Effective Date, the Debtor shall file a notice with the Bankruptcy Court and serve a copy of such notice pursuant to

Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all holders of Claims and Interests, and the U.S. Trustee by causing notice to be delivered to such parties by first- class mail, postage prepaid, or, if available, electronic mail, notifying such parties of the Effective Date of the Plan and all relevant deadlines, including those established under Paragraphs 14 and 15 of this Confirmation Order. On the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101(2) of the Bankruptcy Code.

20. <u>Abstention and Other Courts</u>. Nothing in the Plan or this Confirmation Order shall affect the right of the Debtor to file claims, Causes of Action or otherwise seeking any relief in any court of competent jurisdiction. If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction or authority to enter final orders over any matter arising out of or relating to this Bankruptcy Case, the Plan shall not limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

21. <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

22. <u>No Waiver of Plan Provisions Not Expressly Referenced or Restated</u>. The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

23. <u>Jurisdiction</u>. This Court shall retain jurisdiction as described more fully in Article XIV of the Plan.

24. **IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. Section 1183(c)(1), and notwithstanding that the Plan is confirmed under 11 U.S.C. Section 1191(b), the services of Behooz Vida as Subchapter V Trustee shall terminate upon substantial consummation of the Plan and Mr.Vida shall be discharged from his duties as the Subchapter V Trustee.

### END OF ORDER ###